# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

JAMES RAMSDELL,

    Plaintiff,                                         CASE NO.:

-vs-

FIRST PREMIER BANK, LVNV FUNDING LLC, PORTFOLIO RECOVERY ASSOCIATES, LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC,

    Defendants.

_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, James Ramsdell, sues Defendants, First Premier Bank, LVNV Funding LLC, Portfolio Recovery Associates, LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

1

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Miami, Florida; the violations described in this Complaint occurred in this District; and the Defendants each transact business within this district.

5. Plaintiff is a "consumer" as defined by the FCRA.

6. The debts that are the subject matter of this complaint are consumer debts as defined by the FCRA.

7. First Premier Bank ("First Premier") is a corporation with its principal place of business located in South Dakota which conducts business in the State of Florida.

8. LVNV Funding LLC ("LVNV") is a corporation with its principal place of business located in Las Vegas, NV, which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

9. Portfolio Recovery Associates, LLC ("PRA") is a corporation with its principal place of business located at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502, which conducts business in the State of Florida through its registered agent,

Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

10. Equifax Information Services LLC ("Equifax") is a corporation with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Experian Information Solutions, Inc. ("Experian") is a corporation with its principal place of business located at 457 Anton Blvd., Costa Mesa, VA 92626, authorized to conduct business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

14. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Trans Union LLC ("TransUnion") is a corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661, authorized to conduct business in the State of Florida through its registered agent, The Prentice-Hall Corporation System, Inc. located at 1201 Hays Street, Tallahassee, FL 32301.

17. TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

19. Defendants Equifax, Experian, and TransUnion are the "big three" credit reporting agencies in the United States today.

20. In late 2019 it came to Plaintiff's attention that Equifax, Experian, and TransUnion were reporting three accounts that did not belong to Plaintiff: a First Premier account, a LVNV account, and a Portfolio Recovery Services account.

21. Each of the aforementioned accounts being reported by Equifax, Experian, and TransUnion contained false and derogatory information about Plaintiff.

22. Defendant First Premier Bank is furnishing false information to the aforementioned credit bureaus about Plaintiff.

23. Defendant LVNV is furnishing false information to the aforementioned credit bureaus about Plaintiff.

24. Defendant PRA is furnishing false information to the aforementioned credit bureaus about Plaintiff.

25. Plaintiff conducted a basic investigation into the accounts and realized that he was the victim of identity theft.

26. In or around April 2021 Plaintiff disputed the aforementioned fraudulent accounts with Equifax, Experian, and TransUnion by sending each a detailed dispute letter.

27. At that time, Plaintiff requested that his dispute information be sent to First Premier, LVNV, and PRA by the aforementioned credit reporting agencies so that First Premier, LVNV, and PRA could also review Plaintiff's dispute.

28. In response to inquiries from Equifax, Experian, and TransUnion, First Premier purportedly investigated Plaintiff's dispute and verified the false information it was furnishing to the bureaus as accurate.

29. In response to inquiries from Equifax, Experian, and TransUnion, LVNV purportedly investigated Plaintiff's dispute and verified the false information it was furnishing to the bureaus as accurate.

30. In response to inquiries from Equifax, Experian, and TransUnion, PRA purportedly investigated Plaintiff's dispute and verified the false information it was furnishing to the bureaus as accurate.

31. Equifax responded to Plaintiff's dispute letter and advised that it had verified the information being furnished by First Premier, LVNV, and PRA.

32. Experian responded to Plaintiff's dispute letter and advised that it had verified the information being furnished by First Premier, LVNV, and PRA.

33. TransUnion responded to Plaintiff's dispute letter and advised that it had verified the information being furnished by First Premier, LVNV, and PRA.

34. Upon information and belief, Equifax, Experian, and TransUnion conducted no meaningful investigation into Plaintiff's dispute of the First Premier, LVNV, or PRA accounts, but rather solely relied on representations from First Premier, LVNV, or PRA in an attempt to satisfy their obligations under the FCRA.

35. Upon information and belief, First Premier conducted no meaningful investigation into Plaintiff's dispute of the false information it was furnishing to credit reporting agencies, as the information they have on file does not match Plaintiff's proper personal identifying information and would have easily been flagged.

36. Upon information and belief, LVNV conducted no meaningful investigation into Plaintiff's dispute of the false information it was furnishing to credit reporting agencies, as the information they have on file does not match Plaintiff's proper personal identifying information and would have easily been flagged.

37. Upon information and belief, PRA conducted no meaningful investigation into Plaintiff's dispute of the false information it was furnishing to credit reporting

agencies, as the information they have on file does not match Plaintiff's proper personal identifying information and would have easily been flagged.

38. As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered from loss of his personal time.

39. As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered from worry, fear, stress, anxiety, and sleeplessness.

40. As a result of the actions and/or inactions of the Defendants, Plaintiff's credit scores have dropped significantly.

41. Because the false information on Plaintiff's credit reports dramatically lowered his credit score, Plaintiff needed to have his mother co-sign on an auto loan for him.

42. Having his mother co-sign on the loan caused Plaintiff emotional distress including embarrassment.

43. It is of the utmost importance to Plaintiff that the false information appearing on his credit reports be corrected. Unfortunately, due to the actions/inactions of the Defendants, that false information remains on Plaintiff's credit reports despite his best efforts to resolve this matter.

## CAUSES OF ACTION
### COUNT I
**Violation of the FCRA as to First Premier Bank**

44. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

45. First Premier furnished inaccurate representations to Equifax, Experian, and TransUnion, and through those companies, to all of Plaintiff's potential lenders on multiple occasions.

46. Plaintiff disputed those inaccuracies with the credit reporting agencies, who in turn notified First Premier of the dispute and triggered First Premier's responsibilities under 15 U.S.C. §1681s-2(b).

47. First Premier violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

48. First Premier violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion, Equifax, and Experian after it had been notified that the information it was furnishing was inaccurate.

49. First Premier took no meaningful action in response to Plaintiff's disputes of the inaccurate information contained on his credit reports.

50. First Premier did not have any reasonable basis to believe that the Plaintiff was responsible for the balances or accounts reported in its representations. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party.

51. First Premier knowingly chose to follow procedures which did not review, confirm or verify the debt in question. Further, even if First Premier would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the information it is furnishing to credit reporting agencies is false and inaccurate, including but not limited to affidavits and other supporting documents it ignored.

52. Any brief, basic review of the documents Plaintiff provided to First Premier would give any reasonable individual or entity reviewing the documents sufficient evidence to know that the account was not opened by the Plaintiff.

53. First Premier does not engage in any real evaluation of consumer credit disputes, but rather utilizes Automated Credit Dispute Verification forms and "rubber stamps" any dispute after a cursory review of the personal identifying information associated with an account.

54. The system used by First Premier to evaluate consumer credit disputes automatically fails in identity theft situations like the one described in this Amended Complaint because the personal identifying information always matches, as true and accurate information has been stolen and used illegally.

55. As a result of the conduct, action and inaction of First Premier, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score.

56. First Premier's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

57. Plaintiff is entitled to recover reasonable attorney's fees and costs from First Premier in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against First Premier to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violation of the FCRA as to LVNV

58. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

59. LVNV furnished inaccurate representations to Equifax, Experian, and TransUnion, and through those companies, to all of Plaintiff's potential lenders on multiple occasions.

60. LVNV violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently

and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

61. LVNV violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion, Equifax, and Experian after it had been notified that the information it was furnishing was inaccurate.

62. LVNV did not have any reasonable basis to believe that the Plaintiff was responsible for the balance reported in its representations. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party.

63. LVNV knowingly chose to follow procedures which did not review, confirm or verify the debt in question. Further, even if LVNV would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the information it is furnishing to credit reporting agencies is false and inaccurate.

64. As a result of the conduct, action and inaction of LVNV, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score.

65. LVNV's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

66. Plaintiff is entitled to recover reasonable attorney's fees and costs from LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against LVNV to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of the FCRA as to PRA

67. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

68. PRA furnished inaccurate representations to Equifax, Experian, and TransUnion, and through those companies, to all of Plaintiff's potential lenders on multiple occasions.

69. PRA violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

70. PRA violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion, Equifax, and Experian after it had been notified that the information it was furnishing was inaccurate.

71. PRA did not have any reasonable basis to believe that the Plaintiff was responsible for the balance reported in its representations. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party.

72. PRA knowingly chose to follow procedures which did not review, confirm or verify the debt in question. Further, even if PRA would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the information it is furnishing to credit reporting agencies is false and inaccurate.

73. As a result of the conduct, action and inaction of LVNV, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score.

74. LVNV's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

75. Plaintiff is entitled to recover reasonable attorney's fees and costs from PRA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against PRA to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of the FCRA as to Equifax

76. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

77. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

78. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered a diminished credit score, loss of his personal time, and emotional distress.

79. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

80. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Equifax for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT V
### Violations of the FCRA as to Equifax

81. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

82. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

83. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a reduced credit score.

84. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

85. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT VI
### Violation of the FCRA as to Experian

86. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

87. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

88. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered a diminished credit score, loss of his personal time, and emotional distress.

89. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

90. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VII
### Violation of the FCRA as to Experian

91. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

92. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

93. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a reduced credit score.

94. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the

Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

95. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT VIII
### Violation of the FCRA as to TransUnion

96. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

97. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

98. As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered a diminished credit score, loss of his personal time, and emotional distress.

99. TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

100. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IX
### Violation of the FCRA as to TransUnion

101. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

102. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

103. As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a reduced credit score.

104. TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

105. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TransUnion, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
FBN: 0088672
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., Suite 700
Tampa, Florida 33602
Telephone: 813-577-4729
Facsimile: 813-559-4831
FKerney@ForThePeople.com
JPlaceres@ForThePeople.com
*Counsel for Plaintiff*